# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHRISTINA HOLLENBECK AND**            **CASE NO. _____**
**ANDREA BRYANS**

**VERSUS**

**FALSE RIVER VETERINARY CLINIC, APVMC AND**
**DANA C. GOSSERAND**

## COMPLAINT

This is an overtime action brought by Christina Hollenbeck and Andrea Bryans, former employees of the defendants under the Fair Labor Standards Act.

### *Defendants*

1.

Made defendants herein and liable unto plaintiffs are the following:

I.  False River Veterinary Clinic, A Professional Veterinary Medicine Corporation ("False River"), a Louisiana corporation with its principal office in the Parish of Pointe Coupee, State of Louisiana; and

II. Dana C. Gosserand ("Mrs. Gosserand"), a person of the full age of majority that is domiciled in the Parish of Pointe Coupee, State of Louisiana.

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Plaintiffs file this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

4.

Venue is proper in this district because both defendants reside within this district, and as such, venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

*Plaintiffs*

5.

Christina Hollenbeck ("Ms. Hollenbeck") began her employment with defendants in 2015. Ms. Hollenbeck's employment with defendants ended on March 21, 2020.

6.

Andrea Bryans ("Ms. Bryans") began her employment with defendants in 2003. Ms. Bryan's employment with defendants ended on February 11, 2020.

7.

During the time period relevant to this lawsuit, plaintiffs were employed as veterinary technicians, paid by the hour.

8.

For the years 2020 and 2019, Ms. Hollenbeck was paid $11.75 per hour by defendants. For the years 2018 and 2017, Ms. Hollenbeck was paid $11.25 per hour by defendants.

9.

For the years 2020 and 2019, Ms. Bryans was paid $14.50 per hour by defendants. For the years 2018 and 2017, Ms. Bryans was paid $14.00 per hour by defendants.

10.

Defendants controlled and directed the daily activities of plaintiffs.

11.

Plaintiffs routinely worked in excess of 40 hours per week but were not paid overtime as required by the Fair Labor Standards Act.

12.

Plaintiffs estimate that they worked an average of about 50 or more hours per week; the defendants know the exact amount of hours plaintiffs worked each week. The precise amount of overtime hours and rates of pay for plaintiffs will be presented at the trial of this matter.

13.

Plaintiffs were the non-exempt employees of the defendants under the FLSA.

14.

At all times relevant herein, defendant Mrs. Gosserand was the President of False River. Upon information and belief, Mrs. Gosserand is the sole shareholder of False River. Mrs. Gosserand established the policy not to pay overtime wages to the plaintiffs. Additionally, Mrs. Gosserand negotiated and entered into the employment agreements between plaintiffs and defendants. Mrs. Gosserand maintained operations authority over False River.

15.

False River is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1). Specifically, False River provides veterinary services to the general public. In performing those services, False Rivers uses computer equipment, surgical

and other medical equipment, and medicine and medical supplies that were manufactured and placed in interstate commerce. Additionally, False River maintains a public internet presence.

16.

On information and belief, defendant False River has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

17.

On information and believe, plaintiffs, during and in connection with their employment with defendants, used equipment, supplies, and instruments that were produced in commerce, including but not limited to computer systems, surgical and medical equipment, and medicines.

18.

Defendants failed to pay plaintiffs at a rate of one and one-half times their regular rate of wage for all hours worked in excess of 40 hours in a workweek.

19.

Under the FLSA, plaintiffs are entitled to payment of additional wages at the rate of one and one-half times the rate of their regular pay for all hours worked in excess of forty hours per week throughout the duration of their employment.

20.

The defendants knowingly and willfully violated the FLSA as an attempt to extract a higher profit margin for False River.  Plaintiffs are therefore also entitled to recover their unpaid overtime for the three years prior to filing this lawsuit, and are entitled to recover from defendants an equal sum as liquidated damages, together with reasonable attorney fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the FLSA.

**WHEREFORE,** plaintiffs pray that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiffs and against the defendants, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding. Plaintiffs also pray for any and all other relief to which they may be entitled at law or in equity.

Respectfully Submitted:

/s/ James R. Bullman
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiffs*