## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHRISTINA HOLLENBECK, ET AL.**          **CIVIL ACTION**

**VERSUS**                                **NO. 20-764-SDD-RLB**

**FALSE RIVER VETERINARY
CLINIC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 1, 2021.

                                                   **RICHARD L. BOURGEOIS, JR.**
                                                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTINA HOLLENBECK, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-764-SDD-RLB** |
| **FALSE RIVER VETERINARY CLINIC, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Tax Attorney's Fees and Costs filed on June 8. 2021. (R. Doc. 15). The motion is opposed. (R. Doc. 16). Plaintiffs filed a Reply. (R. Doc. 19).

**I.    Background**

On November 11, 2020, Christina Hollenbeck and Andrea Bryans (collectively, "Plaintiffs") commenced this action against their former employer False River Veterinary Clinic, A Professional Veterinary Medicine Corporation ("False River"), and Dana C. Gosseand, the president and sole shareholder of False River (collectively, "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (R. Doc. 1). Plaintiffs, who were employed as veterinary technicians, alleged that they routinely worked in excess of 40 hours per week between 2017 and 2020 but were not paid overtime compensation as required by the FLSA.

On May 6, 2021, Plaintiffs filed a Motion for Entry of Judgment providing that Plaintiff Hollenbeck accepted an offer of judgment in the amount of $200.00, exclusive of attorney's fees and costs, and Plaintiff Bryans accepted an offer of judgment in the amount of $2,000.00, exclusive of attorney's fees and costs. (R. Doc. 12; *see* R. Doc. 11).

On May 26, 2021, district judge entered judgment against Defendants in the amounts offered, reserving the issue of the award of reasonable attorney's fees and costs available under the FLSA to be determined upon Plaintiffs' motion. (R. Doc. 13).

1

On June 8, 2021, Plaintiffs filed the instant Motion to Tax Attorney's Fees and Costs, which seeks an award of attorney's fees in the amount of $8,922.50, and costs in the amount of $788.24. (R. Doc. 15).[1] Plaintiffs represent that Attorney James Bullman expended 37.25 hours on this matter at a rate of $250.00 per hour, and Attorney Brian Blackwell expended 0.70 hours of time at a rate of $300.00 per hour, for a total amount of attorney's fees sought of $8,922.50.[2] In support of the motion, Plaintiffs submit an affidavit by Attorney Bullman (Ex. A, R. Doc. 15-2 at 1-5), which attaches his resume (Ex. A-1, R. Doc. 15-2 at 5-6), the Blackwell Bullman, LLC billing records for this matter (Ex. A-2, R. Doc. 15-2 at 7-10), records of fees for service of summons and subpoenas (Ex. A-3, R. Doc. 15-2 at 11-12); an affidavit by Phillip Boher, another attorney in the area that practices in FLSA actions, providing that Attorney Bullman's rate of $250.00 per hour is below market for this area (Ex. B, R. Doc. 15-3); and an affidavit by Daniel Davis, another attorney in the area that practices in FLSA actions, providing that Attorney Bullman's rate of $250.00 per hour is below market for this area (Ex. C, R. Doc. 15-4).

In opposition, Defendants argue that Plaintiffs have failed to demonstrate the reasonableness of the hours billed by (1) failing to show contemporaneous billing; (2) using quarter-hour and inconsistent billing increments; (3) providing conflicting calculations with respect to Attorney Bullman's expended hours; (4) including time associate with the undisclosed timekeeper SB; (5) logging time entries containing vague or general descriptions; (6) billing excessive and/or duplicative hours; and (7) lacking billing judgment. (R. Doc. 16 at 5-13). Defendants further argue that the $300.00 per hour billing rate for Attorney Blackwell is

---

[1] Plaintiffs also ask for "judicial interest on the judgment from date thereof until paid." (R. Doc. 15 at 2). Post-judgment interest is allowable of right in an FLSA action under 28 U.S.C. § 1961(a) from the date of judgment. *See Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751-52 (5th Cir. 1983). The parties do not discuss judicial interest on the judgment further in their briefing. Given that it is unclear when and whether Defendants paid the amounts required by the judgment, the Court cannot calculate any owed judicial interest.
[2] As discussed further below, it appears that Plaintiffs inadvertently associated 4.00 hours of billed time to Attorney Bullman that was actually incurred by another timekeeper identified as S.B. Notwithstanding this error, the total amount sought of $8,922.50 is reflected in the billing records.

2

unreasonable and the lodestar figure should be adjusted downward based on the "degree of success obtained by Plaintiffs, and other factors." (R. Doc. 16 at 14).

In reply, Plaintiffs argue that the lodestar should not be reduced because the amount recovered in the action is consistent with the Plaintiffs' hourly wages and the amount of attorney's fees sought is consistent with purpose of the attorney's fees provision of the FLSA, which is to provide equal access to justice. (R. Doc. 19 at 1-2). Plaintiffs further assert that their time records were made contemporaneously, their time entries are not excessive, and their descriptions are sufficient and demonstrate billing judgment. (R. Doc. 19 at 2-5). Finally, Plaintiffs argue that Attorney Blackwell's rate of $300.00 per hour is reasonable and further agree to withdraw the $400.00 attributable to the timekeeper S.B. (R. Doc. 19 at 5-6; *see* R. Doc. 15-2 at 7).

On August 13, 2021, the Clerk of Court taxed Defendants with $400.00 in costs but disallowed the remaining $382.24 sought by Plaintiffs. (R. Doc. 20). The Clerk informed Plaintiffs that pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the above determination may be reviewed by the Court, provided a Motion to Review is filed within seven (7) days from receipt of this Taxation of Costs. (R. Doc. 20 at 2). Plaintiffs did not file a timely Motion to Review.

On September 22, 2021, the district judge referred the instant motion to the undersigned for the preparation of a Report and Recommendation. (R. Doc. 21).

**II.    Law and Analysis**

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff . . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts use the lodestar method to calculate such an award, multiplying the number of hours an attorney reasonably spent on the case by an appropriate

3

hourly rate based on the market for that work in the community. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.,* 98 F.3d 817, 821 (5th Cir.1996).

Once the district court determines the lodestar, "[t]he district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974)." *Forbush*, 98 F.3d at 821. The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent;[3] 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

### A.    Lodestar Calculation

#### 1.    Reasonable Hourly Rates

The first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district in which the litigation occurred, here, the Middle District of Louisiana. *See Comar Marine Corp. v. Raider Marine Logistics, LLC*, No. 09-1438, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016). "An attorney's requested hourly rate is

---

[3] The Supreme Court has barred consideration of the *Johnson* factor pertaining to whether the fee was fixed or contingent. *See City of Burlington v. Dague*, 505 U.S. 557, 566-67 (1992).

4

*prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co., LLC*, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a particular community may be established based on the affidavits of other attorneys practicing there. *Id.* (citing *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008)).

Here, there is no dispute that Attorney Bullman's proposed rate of $250.00 is reasonable. The sole dispute pertains to whether Attorney Blackwell's proposed rate of $300.00 is reasonable. Defendants assert that Plaintiffs have not demonstrated the reasonableness of Attorney Blackwell's rate because the affidavits submitted by Mr. Bohrer and Mr. Davis (R. Docs. 15-3, 15-4), two other attorneys in the area who have experience with FLSA claims, do not specifically address the reasonableness of Attorney Blackwell's rate, and Plaintiffs' have not submitted Attorney Blackwell's resumé or cases demonstrating his experience with FLSA claims. (R. Doc. 16 at 13). In reply, Plaintiffs assert that Attorney Blackwell "has litigated countless employment matters including FLSA cases" for the past 27-28 years and that his rate of $300.00 per hour "is grossly undervalued based upon the affidavits of Mr. Bohrer and Mr. Davis submitted in this matter, who have less experience and bill at higher rates." (R. Doc. 19 at 5).

"[A] district court 'is itself an expert' on the issue of fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Winget v. Corp. Green, LLC*, No. 09-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Having considered the affidavits of Mr. Bohrer and Mr. Davis

5

submitted in this matter, which assert that the $250.00 per hour rate of Attorney Bullman, who has approximately 8 years of legal experience, is below the market rate, the Court concludes that Attorney Blackwell's proposed rate of $300.00 per hour is reasonable given his more advanced experience. *See Clark v. Stat Care Clinics, L.L.C.*, No. 17-306, 2018 WL 11319416, at *3-4 (M.D. La. July 9, 2018) (finding $350.00 to be a reasonable hourly rate to use in determining the lodestar for attorney's fees in an FLSA matter where the attorney's attested to charging at least $400.00 per hour for FLSA matters).

### 2. Hours Reasonably Expended

To arrive at the lodestar, the court multiplies the approved hourly rates by the number of hours reasonably expended on the case. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). A plaintiff seeking attorney fees has the burden of showing the reasonableness of the hours billed, including proving they exercised billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. If the court finds that the fee-seeking attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).

In relevant part, Defendants argue that Plaintiffs have failed to demonstrate the reasonableness of the hours billed by failing to show contemporaneous billing; using quarter-hour and inconsistent billing increments; providing conflicting calculations for time entries;

logging time entries containing vague or general descriptions; billing excessive and/or duplicative hours; and lacking billing judgment. (R. Doc. 16 at 5-13).[4]

### a.  **Contemporaneous Billing**

Defendants first argue that Plaintiffs "fail to indicate or attest as to whether the time records submitted in purported support of Plaintiffs' claim for fees were kept contemporaneously." (R. Doc. 16 at 6). Defendants suggest that Plaintiffs' Exhibit A-2, which is dated June 8, 2021, constitutes "a letter addressed to Plaintiff Hollenbeck" that requests payment for all fees and costs dating back to the origination of the lawsuit. (R. Doc. 16 at 6). In reply, Plaintiffs explain that the document is not a "letter to Plaintiffs" but "an invoice generated from PC Law, the accounting and timekeeping software maintained by Blackwell & Bullman, LLC" on the day the motion was filed. (R. Doc. 19 at 2).

The Court rejects Defendants' characterization of Plaintiffs' counsels' billing records, which appears to be an invoice printed on the date of the filing of the motion to substantiate Plaintiffs' request for fees for the purposes of Local Rule 56(d).[5] The written record indicates that Plaintiffs' counsel contemporaneously recorded their time entries. (*See* R. Doc. 19-4 at 2) (correspondence from Plaintiffs' counsel to defense counsel dated April 16, 2021 providing that "attorney's fees and costs to date are $7,084.50"). The Court finds no basis for reducing the billable hours recorded on the basis that they were not contemporaneously billed.

---

[4] Defendants also complain that Plaintiffs have submitted conflicting calculations with respect to Attorney Bullman's expended hours and included time associated with the undisclosed timekeeper S.B. These issues have been resolved. The record has been clarified with respect to the conflicting calculations and Plaintiffs have withdrawn their request for $400 pertaining to time billed by S.B.

[5] Local Rule 56(b) provides: "(1) In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the Court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof. (2) Any Judge of the Court may, for good cause shown, relieve counsel of the obligation of filing such a report with the Court." While Plaintiffs' counsels' time entries suffer from certain issues discussed below, the submitted invoice sufficiently meets the requirement of a "contemporaneous time report" for the purposes of Local Rule 56(b).

### b.   Billing Increment Inconsistencies

Defendants correctly note the inconsistencies in billing increments on Plaintiffs' Exhibit A-2, as some tasks are billed at increments of one-quarter of an hour (0.25) and other tasks are billed at one-tenth of an hour (0.01). (R. Doc. 16 at 6-8; *see* R. Doc. 15-2 at 7-10). Notably, both time entries by Attorney Blackwell are billed at one-tenth of an hour increments, whereas 21 of the 43 time entries entered by Attorney Bullman appear to be billed at one-quarter of an hour increments.[6] Plaintiffs do not address this issue in their Reply, much less set forth any attorney-fee arrangement demonstrating that Plaintiffs agreed to be billed at increments of one-quarter of an hour (0.25).

Court have reduced fee awards where "time entries were rounded to the nearest fifteen minutes" because "quarter-hour billing does not accurately reflect the number of hours spent on each task and is very likely to inflate the time Plaintiff's attorney devoted" to the case. *Brown v. Astrue,* No. 09-487, 2011 WL 612730, at *2-3 (reducing billing increments from 0.25 to 0.10 for reviewing simple documents and court orders); *see also Hawkins v. Astrue,* No. 09-7460, 2010 WL 5375948, at * 1 (E.D. La. Nov.24, 2010) ("The Court finds that billing in .25 increments for a review of what are at most one-page documents is unreasonable."); *Hagan v. MRS Assocs., Inc.,* No. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001) ("The billing records in this case, reflecting many quarter-hour time entries for the briefest of tasks, undermine the reasonableness of at least a portion of the billings.").

Given the inconsistencies in Plaintiffs' counsel's increments for recording time, and the lack of any explanation for these inconsistencies, the Court will reduce the 21 entries discussed

---

[6] Several entries by Attorney Bullman are for one-half an hour (0.50) or a full hour (1.00), which are divisible by both by one-quarter of an hour and one-tenth of an hour. These are not, therefore, included in the 21 entries that are clearly billed at a quarter of an hour. The Court considers these entries for which the billing increment cannot be determined for the purposes of considering whether Plaintiffs' counsel exercised billing judgment.

8

above downward by 3.15 hours to properly reflect billing at an increment of one-tenth of an hour.[7]

### c.    Conflicting Calculations and Timekeeper S.B.

In their Motion, Plaintiffs represent that Attorney Bullman expended 37.25 hours on this matter at a rate of $250.00 per hour, and Attorney Blackwell expended 0.70 hours of time at a rate of $300.00 per hour, for a total amount of attorney's fees sought of $8,922.50.

The representation regarding Attorney Bullman's expended hours was made in error. The billing records indicate that Attorney Bullman recorded only 33.25 hours, while the remaining 4.00 hours are actually attributable to the timekeeper S.B., an office manager/paralegal employed by Plaintiffs' counsel, who bills at a rate of $100.00 per hour. (R. Doc. 19 at 6; *see* R. Doc. 15-2 at 7). In short, the actual amount attributable to Attorney Bullman is $8,312.50 and the amount attributable to S.B. is $400.00.

Plaintiffs have withdrawn their request for time billed by S.B. in the amount of $400.00. The correct amount of time attributable to Attorney Bullman is 33.25 hours, which has been reduced to 30.10 hours in light of the 3.15 hour reduction discussed above. The correct amount of time attributable to Attorney Blackwell remains 0.70 hours.

### d.    Vague or General Descriptions

Defendants argue that Plaintiffs' counsel entered certain vague or general descriptions insufficient to establish reasonableness, or otherwise billed excessive and/or duplicative hours. (R. Doc. 16 at 9-12). The specific entries that Defendants challenge as too vague or general are as follows:

- November 10, 2020: "Reviewed and responded to emails from clients." (0.25)
- April 13, 2021: "Began reviewing documents produced by Defendants." (2.25)
- April 26, 2021: "Interoffice conference [between Attorney Bullman and Attorney Blackwell] regarding case" (0.80) (0.40 each)

---

[7] The Court reduces each of the 21 entries by fifteen minutes (0.15) for a total of 3.15 hours.

- April 26, 2021: "Telephone conference with Christina Hollenbeck" (0.40)
- April 26, 2021: "Correspondence with Ms. Bryans." (0.25).

(R. Doc. 16 at 9-10). In reply, Plaintiffs assert that the largest entry for 2.25 hours of document review involved a review of the only set of documents produced by Defendants in this case, "which consisted of 264 pages of payroll information for which a large portion was printed calendars with handwritten notes as the company's timekeeping system." (R. Doc. 19 at 405; *see* R. Doc. 19-2). Plaintiffs represent that "the 2.25 hours billed does not include the entirety of the time spent deciphering the information." (R. Doc. 19 at 5).

While the Court agrees with Defendants that the time entries above are fairly general descriptions, the Court nevertheless concludes that they are reasonable entries. The 2.25 hour entry for document review (which has been already reduced to 2.10 hours above) has been sufficiently explained by Plaintiffs. The remaining 1.70 hours billed constitute only a handful of relatively brief correspondences between counsel and their clients, and between counsel themselves, with respect to this action. Given the reduction of the time entries discussed above, these entries total just 1.40 hours of billable time. Defendants also ignore the context other contemporaries billing entries provide to these correspondences and conferences. The November 10, 2020 entry with respect to the review of client emails was entered the day prior to filing the Complaint and after counsel sent a draft Complaint to the clients for review. (R. Doc. 15-2 at 7). The April 26, 2021 conferences between counsel and clients falls in the context of other billing entries the same day regarding correspondence with opposing counsel on discovery, review of offers of letter and offers of judgment from defendants, review of case law cited by Defendants, and the drafting of overtime calculations for review by the client. (R. Doc. 15-2 at 8-9).

The Court finds these time entries, as reduced above, to be reasonable and appropriate.

10

### e. **Excessive or Duplicative Hours**

Defendants note that on February 8, 2021 Attorney Bullman billed 5.40 hours to draft, review, revise and send Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to defense counsel. (R. Doc. 16 at 10). Defendants argue that in addition to being inappropriately block-billed, the amount of time spent was excessive and Defendants had already agreed to voluntarily produce the relevant documents. (R. Doc. 16 at 11). Defendants also assert that the 6.50 hours charged in connection with the drafting and filing of the instant motion is unreasonable. (R. Doc. 16 at 11). Finally, Defendants appear to assert that the 0.70 charges by Attorney Blackwell are duplicative, and therefore unreasonable, because they include a 0.40 charge for an interoffice conference with Attorney Bullman on April 26, 2021, and a 0.30 charge to review Defendants' Offer of Judgment on April 29, 2021. (R. Doc. 16 at 12).

With respect to the 5.40 hours regarding Plaintiffs' written discovery requests, Plaintiffs assert that Defendants only agreed to produce Plaintiffs' payroll records after the written discovery requests were served and further assert that Attorney Bullman spent a reasonable amount of time drafting the written discovery requests. (R. Doc. 19 at 3; *see* R. Doc. 19-1). The time spent by Plaintiffs' counsel to draft case-specific written discovery requests pertaining to two plaintiffs appears to be reasonable. Finally, Plaintiffs' counsel acted appropriately on behalf of his client by drafting and serving requests for production of documents and interrogatories prior to the discovery deadline and receipt of the offers of judgment.

The Court also does not find the 6.50 hours billed with respect to the instant motion to be unreasonable. The time spent with respect to the instant motion was not block-billed and consists of eight distinct time entries on May 13, 2021 and June 8, 2021. (R. Doc. 15-2 at 9-10). Furthermore, consistent with the foregoing discussion of the improper quarter-hour billing increments, this 6.50 hours has been effectively reduced to 5.50 hours. Plaintiffs' counsel also

11

demonstrated some billing judgment by not including the time to draft the affidavits signed by Mr. Davis and Mr. Bohrer. (R. Doc. 19 at 4). The Court further notes that the time entries sought by Plaintiff with respect to this motion does not include the substantive time spent drafting and submitting a Reply memorandum to address Defendants' arguments.

Finally, the Court finds the 0.70 hours of time billed by Attorney Blackwell to be reasonable. Attorney Blackwell is counsel of record. It is reasonable and appropriate for a more experienced counsel of record to spend less than an hour to assist co-counsel in making legal decisions in a case such as this.

The Court finds these time entries, as reduced above, to be reasonable and appropriate.

### f.     Lack of Billing Judgment

Finally, Defendants generally argue that Plaintiffs' counsel lacked billing judgment and failed to demonstrate that certain hours were expended and not billed, and seek a general reduction of the remaining hours by an additional twenty percent (20%) (after reductions in light of billing increments, removal of hours for the timekeeper S.B. and Attorney Blackwell, and excessive time entries billed by Attorney Bullman). (R. Doc. 16 at 12-13).

Plaintiffs assert that their counsel showed billing judgment by minimizing the hours billed for review of the documents produced by Defendants and the drafting of affidavits associated with the instant motion. The Court agrees with Defendants, however, that Defendants lacked billing judgment in at least two specific instances: (1) the May 6, 2021 entry for 0.40 hours for a telephone conference with ECF Help Desk regarding filing issues and (2) the June 8, 2021 entry for 0.25 hours (already reduced to 0.10 hours) for updating counsel's resume to use an exhibit for the instant motion. (*See* R. Doc. 15-2 at 9-10). Seeking recovery for ECF assistance and to update a recovery reflects a lack of billing judgment as a whole with respect to the amounts sought in recovery.

With their motion, Plaintiffs did not submit any specific documentation indicting that any particular time was written off as unproductive, excessive, or redundant. *See Saizan,* 448 F.3d at 799. Only in the context of submitting arguments in reply did Plaintiffs even suggest that they did not seek to recover all attorney time incurred on this case. Furthermore, as noted above, the billing records submitted are ambiguous with respect to the billing increments employed by Attorney Bullman for several time entries. While Plaintiffs have provided some undocumented examples of billing judgment, Plaintiffs' lack of overall billing judgment subjects the total amount sought by a percentage reduction, albeit less than the twenty percent (20%) reduction sought by Defendants.

Given the record, the Court finds it appropriate to reduce the loadstar calculation by ten percent (10%) to reflect a lack of general billing judgment to account for unproductive, excessive, or redundant time spent on this case.

### g.    Final Lodestar Calculation

Given the foregoing, the lodestar for this matter is calculated at a total of **$6,961.50** as follows:

- Attorney Bullman: 30.10 hours[8] at $250 per hour: $7,525.00
- Attorney Blackwell: 0.70 hours at $300 per hour: $210.00
- Reduction of the sub-total ($7,735.00) by 10%: **$6,961.50 (total)**

### B.    Adjustment of Lodestar Amount

After determining the appropriate lodestar amount, the court may increase or decrease that amount based on the various facts set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974). The Fifth Circuit has noted that "special heed" should be given to the following *Johnson* factors: "the time and labor involved, the customary fee, the

---

[8] As discussed above, the Court has reduced the initial 37.25 hours claimed to have been billed by Attorney Bullman by 7.15 hours to reflect (1) 4.00 hours attributable to the timekeeper S.B. and (2) 3.15 hours attributable to billing by quarter-hour increments.

13

amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan*, 448 F.3d at 800. "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Id*.

Plaintiffs assert that "an analysis of the *Johnson* factors should not result in a reduction of the lodestar fee given the degree of success obtained for the Plaintiffs, which is a recovery of their entire claim." (R. Doc. 15-1 at 4). Defendants argue that the Court should make a downward adjustment of the lodestar amount solely based on (i) Plaintiffs' limited degree of success because there was no admission of liability and (ii) the judgments obtained by Plaintiffs were relatively low considering the original amounts sought. (R. Doc. 16 at 14). In reply, Plaintiffs argue that the recovered amounts are significant in light of Plaintiffs' hourly wages and the purpose in providing the workers the right to recovery attorney's fees under the FLSA, which is to ensure effective access to the judicial process for prevailing plaintiffs. (R. Doc. 19 at 1-2).

The Court finds no basis to reduce the lodestar amount. First, the settlement amounts that Plaintiffs successfully obtained are consistent with the allegations in the Complaint. Contrary to Defendants' assertions, Plaintiffs did not definitively allege that they "worked on average of 50 hours each workweek for a three-year period and allegedly were not paid overtime for that time," thus rendering the settlement amounts of $200.00 and $2,000.00 respectively to be paltry compared to the amounts sought in the Complaint. (R. Doc. 16 at 14). Plaintiffs at most alleged that for certain unspecified periods of time between 2017 and 2020 they "estimate that they worked an average of about 50 or more hours per week" but the "precise amount of overtime hours and rates of pay for plaintiff" was known solely by Defendants. (R. Doc. 1 at 2-3). After discovery, Plaintiffs sought to settle the action, asserting that the records produced indicate that Plaintiff Hollenbeck is owed $188.80 in overtime compensation and liquidated damages and

14

Plaintiff Bryans is owned $2,681.78 in overtime compensation and liquidated damages. (R. Doc. 19-4 at 2). Given those amounts sought, the settlement amounts obtained after discovery are reasonable. Second, the lodestar amount is consistent with the time and labor required to obtain the foregoing favorable result for Plaintiffs, including obtaining attorneys' fees incurred in light of having to bring the instant motion.

Having considered the record, and the arguments of the parties, the Court does not find it necessary to adjust the lodestar figure based on the particular circumstances of this case.

### C. The Award of Costs

Through the instant motion, Plaintiffs seek an award of $788.24 in incurred costs as follows: "$400.00 court filing fee; $346.00 in service of process fees; and $42.24 in printing costs (264 pages of records provided by Defendants for assessment and calculation of wages for determining reasonableness of Rule 68 Offer of Judgement at a printing rate of .16 per page)." (R. Doc. 15-1 at 4-5). The invoice for the $346.00 charged by the process server includes 3.5 hours of "investigative time" in the amount of $280.00 and mileage charged in the amount of $66.00. (R. Doc. 15-2 at 11). Defendants assert that the $346.00 in costs sought with relation to service of process fees are "not reasonable and should not be passed along to Defendants." (R. Doc. 16 at 14-15). In reply, Plaintiffs assert that the $346.00 cost was the full costs to pay a "private process server to effectuate service of process on Defendants in Pointe Coupee Parish." (R. Doc. 19 at 6).

On August 13, 2021, the Clerk of Court taxed Defendants with $400.00 in costs but disallowed the remaining $382.40 sought by Plaintiffs. (R. Doc. 20). With respect to the $42.24 sought for "Fees and Disbursements for Printing," the Clerk stated: "These costs are not considered taxable as the required documentation was not submitted to verify the copy costs, including the total number of copies and the copy cost per page." (R. Doc. 20 at 1). With respect

15

to the $346.00 sought for "Fees for Service of Summons and Subpoenas," the Clerk stated: "These costs are not supported by sufficient documentation as neither the precise nature of the work performed, not the individual served was identified on the invoice." (R. Doc. 20 at 1). The Clerk informed Plaintiffs that pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the above determination may be reviewed by the Court, provided a Motion to Review is filed within seven (7) days from receipt of this Taxation of Costs. (R. Doc. 20 at 2).

Plaintiffs did not subsequently file a Motion to Review or otherwise submit the documentation required by the Clerk's Taxation of Costs. Accordingly, the Clerk's Taxation of Costs is not subject to review.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Tax Attorney's Fees and Costs (R. Doc. 15) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER RECOMMENDED** that Plaintiffs be awarded **$6,961.50** in attorney's fees and that the Clerk's Taxation of Costs in the amount of **$400.00** remain undisturbed.

Signed in Baton Rouge, Louisiana, on November 1, 2021.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE